## McNEIL v. GARY.[*]

---

DEEDS; RESTRICTIVE COVENANT; INJUNCTION.

The removal of a stable erected for business purposes in violation of a restrictive covenant in the builder's deed, and finished after the filing of a bill to enjoin its erection, should not be decreed, where the stable is not shown to be unsanitary or its maintenance a nuisance, and its removal would occasion its owner serious loss, and an injunction restraining its use to private purposes, the covenant not prohibiting the erection of private stables, would be a just settlement of the controversy.

No. 2702.   Submitted December 9, 1914.   Decided January 4, 1915.

---

*Covenant.—For a note upon the question of garage or stable as within restrictive covenant in conveyances of real estate, see *Riverbank Improv. Co.* v. *Bancroft*, 34 L.R.A.(N.S.) 730.

HEARING on an appeal by the plaintiffs from a decree of the Supreme Court of the District of Columbia refusing to enjoin the removal of a stable. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Hiram C. McNeil and others appealed from a decree of the supreme court of the District of Columbia granting an injunction in their suit against Roy S. Gary.

The bill was filed October 31, 1912, by McNeil and others, residents of what is known as Saul's Addition to the city of Washington, to enforce a restrictive covenant contained in all the deeds to said addition, by restraining the erection by Gary of a stable on his lot, intended by him to be used for stabling horses and storing wagons used in his business as plumber and express man. The building was in course of erection at that time.

The court sustained a demurrer to and dismissed the bill. That decree was appealed to the court of appeals and reversed May 5, 1913,—*McNeil* v. *Gary,* 40 App. D. C. 397, 46 L.R.A. (N.S.) 1113, which is referred to for a more particular history of the case.

It was held that the restrictive covenant was binding upon the defendant, and the cause was remanded to the equity court for further proceedings. Upon the return of the cause, defendant Gary answered the bill, in which he admits "that at the time said bill of complaint was filed, she was causing to be erected on the rear of said lot, a one-story-and-loft frame stable about 34 feet long and 30 feet wide, to be of the value of about $300, containing five stalls for horses and a space for wagons and vehicles. She also admits that it was intended to use said stable for the purpose of stabling horses and wagons used in an express business and plumbing business conducted by her husband; that said express and plumbing business is being conducted at the place of business of her said husband in Washington, D. C., and not upon the said lot; that only two horses used in said business have been kept in said stable; that said

stable has been used and was intended to be used to stable one horse, which is used by this defendant solely for family uses.

"Further answering, this defendant says that the said horses are used by this defendant and her family for family use and for driving purposes, at times when they are not used in said business; that they are not brought to said stable upon said lot for the purpose of using them in connection with said plumbing business or express business, but solely for the purpose of stabling them, and for having them conveniently located when it is desired to use them for family purposes.

"Further answering the said paragraph, this defendant says that the allegations that the said stable will constitute a nuisance is untrue; that the said stable was built under a building permit properly issued by the building inspector of the District of Columbia after the plans thereof had been submitted to him; that proper provisions for sanitation and to prevent any nuisance in connection therewith were taken in the construction of said stable, and have been taken in its use."

It also appears from said answer that stables have been built by other occupants of said subdivision, and that garages have been built and used by six residents thereof.

The cause was reheard March 5, 1914. Testimony was introduced tending to show that the stable in question was finished shortly after the suit was filed; that on the average about three horses are kept in the said stable, one of which is driven to a buggy, one used for the wagon horse, and another is kept for the use of the family. The children go to Sunday school and church on Sunday, and drive it in the evening. His boy rides it. The horse belongs to his oldest daughter. Sometimes when he is very busy he puts that horse to a wagon for the plumbers to use. When they have some material that they have on a job and want to clean up on the same day, they put that horse to a wagon for that purpose.

The stable is 25 feet from the rear of the lot, and 35 x 30 feet in size, including the wagon shed. Defendant keeps three wagons and a buggy in the wagon shed, and also a surrey. He does not use the surrey in connection with his plumbing or

express business, but only for family use, and uses the buggy to drive to and from work and around during the day. He often uses it in the evening to take his wife out.

It was testified that there are other stables in the subdivision used as private stables by the owners, and also garages for private use.

It is contended for a decree awarding a mandatory injunction to remove the said stable. The question submitted was whether the final decree should order the stable to be removed, or merely prohibit its use for business purposes.

The court refused the decree for the removal of the stable, but entered one restraining the defendant, for a period of twenty years from and after January 1, 1906, from using or permitting the use of the building for any manufacturing, mechanical, or business purposes whatsoever. Costs of the case were taxed against the defendant.

Plaintiffs have appealed, assigning as error the refusal of the court to decree the removal of the stable.

*Mr. J. Barrett Carter* for the appellants.

*Mr. J. H. Ralston* and *Mr. W. E. Richardson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It would seem from the practice of constructing and maintaining private stables and other outhouses used for the private purposes and convenience of the owners, that has been acquiesced in by the residents of that subdivision, that they are not considered in violation of the restrictive covenant of the deeds.

The covenant in the deed is as follows: The purchaser in accepting and signing this paper agrees that not more than one dwelling house shall be erected on said lot, and that no apartment house nor flats of any description shall be erected on the same. That such building shall not cost less than $3,500 to

build, and shall not be used for manufacturing, mechanical, or business purposes of any kind whatsoever, but solely for dwelling purposes, and that these covenants shall be effective and remain in force for a term of twenty years from January 1, 1906, and no longer.

The question was not presented on the former appeal, whether the erection of any private stable would be in violation of this covenant.

That the practice of erecting such stables and garages was acquiesced in by the plaintiffs and other owners of lots in that subdivision, and that it has not been considered a violation of the covenant to maintain such a stable on the rear of a lot for the private use of the owner of the building, is apparent.

It is not shown that the stable of defendant is unsanitary, or that its maintenance is a nuisance in point of fact. It would seem that the covenant does not prohibit the erection of stables in connection with dwelling houses for private use of the owners. It is true that the defendant completed this stable, which was intended to be used for business purposes, after the bill had been filed. But it also appears that the stable had been nearly completed by the contractor before that time.

The removal of the stable would occasion defendant serious loss, and it is believed that the injunction restricting its use to private purposes would be a just settlement of the controversy. *Riverbank Improv. Co.* v. *Bancroft,* 209 Mass. 217, 34 L.R.A. (N.S.) 730, 95 N. E. 216, Ann. Cas. 1912B, 450.

The decree entered seems to be just, and is not in opposition to the opinion and judgment of this court. It will therefore be affirmed without costs.                    *Affirmed.*